OSCAR BERG and MINNIE BERG, Respondents, v. JACOB HOFFMAN, Appellant.— Appeal from a judgment of the County Court of Columbia county, entered October 7, 1936, and from an order denying a motion to set aside the verdict and for a new trial. Plaintiffs brought an action at law to recover damages in the sum of $750

and interest, for the breach of an oral agreement. Plaintiffs offered evidence that defendant, prior to January 1, 1936, promised to act as their agent and purchase for them a second mortgage which was a lien on their property in the city of Hudson, and turn it over to them, for the sum of $2,000; that defendant did purchase the mortgage for that sum, and then breached the agreement by refusing to assign the mortgage to plaintiffs unless they paid him $2,750. Plaintiffs protested the conduct of defendant, and objected to the payment of more than $2,000, but were compelled to pay the sum of $2,750 to defendant to secure an assignment of the mortgage, thereby coercing plaintiff to pay $750 in excess of the amount agreed upon, and in breach of said agreement. On the trial the defendant offered in evidence a written agreement entered into by the plaintiff Minnie Berg and the defendant on January 3, 1936, which recited the facts that defendant was the owner of the mortgage in question, and his agreement to cancel said mortgage upon the payment to him of $2,750, and contracting to so cancel said mortgage on the payment to him of that sum. The contract was drawn by an attorney in his office, and duly signed and acknowledged before him, and was fully performed. It is evident from the record that whatever negotiations were had between the parties touching the purchase of said mortgage were merged in the written agreement. It was error for the trial court to refuse to strike out the testimony of the oral agreement when the written contract was received in evidence. The court erred in refusing to grant defendant's motion to dismiss at the close of the plaintiffs' case, and again at the close of all the evidence, on the grounds that the oral contract was void under the Statute of Frauds, was unilateral, without consideration, and, therefore, void; and also on the ground that whatever oral arrangements had been made were merged in the written contract. Judgment and order reversed, on the law and facts, with costs, and complaint dismissed, with costs. Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.